**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

KAREN BROUGHTON,

       Plaintiff,

      v.                            Case No.: 3:07-cv-307-RV-MD

ESCAMBIA COUNTY SCHOOL BD.,

       Defendant.

_____/

**<u>ORDER</u>**

      Now pending is the defendant's motion for summary judgment (doc. 31).

**I. Background**

      This two-count employment discrimination case arises under Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e *et seq.*]. For purposes of this order, the facts will be stated very briefly. The plaintiff is a black female, and she has been a teacher with the Escambia County School District since August 2003. During the course of her employment, and for reasons hotly disputed by the parties, she was involuntarily transferred from Warrington Middle School to Pensacola High School. In addition, her "annual contract" was not renewed and she was denied a "professional contract," which she was subsequently awarded after her attorney filed a successful declaratory judgment action in state court. She alleges in her federal complaint that these various acts were taken for discriminatory reasons (count I), and in retaliation for pursuing a race discrimination complaint (count II). The defendant denies the allegations, and now moves for summary judgment.

**II. Applicable Law**

      A. *Summary Judgment Standard*

      Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

However, summary judgment is inappropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 594 (11th Cir. 1995). An issue of fact will be "material" if it might affect the outcome of the case under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. See id. On summary judgment, the record evidence and all reasonable inferences drawn therefrom must be viewed in a light most favorable to the non-moving party. National Fire Ins. Co. of Hartford v. Fortune Const. Co., 320 F.3d 1260, 1267 (11th Cir. 2003).

B. *Title VII*

Title VII makes it unlawful for an employer to discharge any individual, or otherwise discriminate against that individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2(a)(1). In addition to this anti-discrimination provision, there is a separate section that makes it unlawful for an employer to retaliate against the employee who has opposed any practice made unlawful by Title VII, or because she has made any charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. See 42 U.S.C. § 2000e-3(a).

Where the case involves allegations of "disparate treatment," as in this case, the plaintiff "must show discriminatory intent and may establish a *prima facie* case by a showing of the factors outlined in McDonnell Douglas." Lee v. Conecuh County Bd. of

Ed., 634 F.2d 959, 962 n.3 (11th Cir. 1981). Pursuant to the burden-shifting framework first established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), a Title VII plaintiff alleging race discrimination will establish her *prima facie* case by showing: i) that she is a member of a protected class defined by race; ii) that she was subject to an adverse employment action; iii) that a similarly-situated employee outside her protected class was treated more favorably; and finally, iv) that she was qualified to perform her job. See Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Meanwhile, a Title VII plaintiff alleging retaliation will establish her *prima facie* case by showing: i) that she engaged in statutorily-protected activity; ii) that she suffered an adverse employment action; and iii) that there was a causal connection between the two. Bass v. Bd. of County Com'rs, Orange County, Fla., 256 F.3d 1095, 1117 (11th Cir. 2001) (citing multiple cases).

After the plaintiff establishes her *prima facie* case, the burden shifts to the defendant to rebut the inference of discrimination by presenting a legitimate and non-discriminatory reason for its employment action. McDonnell Douglas, *supra*, 411 U.S. at 802. This intermediate burden is "exceedingly light," see Holifield, *supra*, 115 F.3d at 1564 (citation omitted), and once it has been satisfied the plaintiff must show that the articulated reason was a mere pretext. Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000).

## III. Discussion

Upon careful review of the pleadings and all other pertinent materials on file, and taking the facts in the light most favorable to the plaintiff, I find that there are genuine disputed issues of material fact precluding summary judgment. To point to just one of several examples, the defendant contends that summary judgment is appropriate because the involuntary transfer was not an "adverse employment action." The defendant suggests that it was merely a lateral move that did not result in a serious and material change in the terms and conditions of the plaintiff's employment. But, the plaintiff has filed an affidavit indicating that upon her transfer to Pensacola High School there was no vacant position, no available classroom, and no students for her to teach.

She was "given a sheet of paper with the names and rooms of other teachers that I was assigned to follow around like a student teacher." Furthermore, the transfer required her to travel a greater distance and caused a financial strain. Despite the defendant's accommodation of her request to have her involuntary transfer to Pensacola High School in order to be more compatible with her child care needs, she says it resulted in additional child care "as the result of having to put my children in early morning care and full time afternoon care and travel expenses to travel to and from work." On this record, material facts are in dispute and I cannot say as a matter of law that the transfer was not an adverse employment action.[1]

**III. Conclusion**

For these reasons, the defendant's motion for summary judgment (doc. 31) must be, and is, DENIED.

**DONE and ORDERED this 25th day of March, 2009.**

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

---

[1] The defendant also argues that even if the transfer constituted an adverse employment action, there is "virtually" no evidence that it was motivated by any impermissible reasons. There are genuine disputed issues of fact on this point as well. For example, the defendant claims that plaintiff was involuntarily transferred because she had some "difficulties in her relationships" at Warrington Middle School, and the transfer was thus intended "to alleviate the tense atmosphere" at the school. However, the plaintiff has identified a white teacher at the school who, according to the principal, "told his students to sit down and stop acting like a bunch of niggers," yet he was not transferred. A jury could find that there was disparate treatment in transferring plaintiff to "alleviate the tense atmosphere," but not doing the same with respect to a white teacher who was having "difficulties in [his] relationships" with students.

*Case No.: 3:07-cv-307-RV-MD*